NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

The ENGLANDER COMPANY, Inc.,
Respondent,

Local 21, Retail Clerks International
Association, AFL–CIO, Inter-
venor.

No. 11866.

United States Court of Appeals
Third Circuit.

Argued Sept. 28, 1956.

Decided Oct. 16, 1956.

Frederick U. Reel, Washington, D. C. (Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for petitioner.

Jack B. Weinstein, New York City (Milton Paulson, New York City, on the brief), for respondent.

(Joseph Lew, New York City, on the brief, for intervenor Local 21 Retail Clerks)

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board to enforce an order which the Board rendered on November 16, 1955, against The Englander Company, Inc. The charges preferred and the order given covered several points of violation by respondent of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. We do not need to go into the discussion of all those points in view of what has happened since the order was entered. On August 1, 1956, the Board certified Local 21 Retail Clerks International Association, AFL-CIO as the bargaining agent for the specified employees of the respondent in the plant here concerned. This action rendered nearly all of the order obsolete. It would be incongruous to forbid the company to bargain with the union now certified to bargain by the Board. We see no equity or advantage to be gained at this stage in ordering the company to pay back dues checked off from the pay of employees on behalf of the now certified union. We believe, however, that that part of the order which directs the respondent to offer reinstatement to a former employee named Wilbur Rath is one which still calls for enforcement. Notice of this offer of reinstatement may be required to be posted.

An order to this effect may be submitted.